UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES MICHAEL FREEMAN, JR. (#480524)           CIVIL ACTION

VERSUS

ASCENSION PARISH JAIL, ET AL.           15-659-SDD-EWD

### RULING

The *Pro Se* Petitioner, a prisoner previously confined at the Ascension Parish Jail ("APJ"), Donaldsonville, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against APJ, Sheriff Jeff Wiley, Warden Paul Hall, Officer Jude Richard, and Lt. McNeil, complaining that the Defendants have violated his constitutional rights by preventing him from smoking at the facility, whereas other prisoners are allowed to purchase tobacco products and smoke cigarettes.

Pursuant to *Order*[1] dated December 18, 2015, the Court directed the Plaintiff to pay an initial partial filing fee in the amount of $5.51 within twenty-one (21) days "or this action shall be dismissed." In addition, a *Notice*[2] was forwarded to the Plaintiff by the Court on January 6, 2016 advising the Plaintiff that this case has been reassigned from Magistrate Judge Stephen C. Riedlinger to Magistrate Judge Erin Wilder-Doomes.

A review of the record by the Court reflects that the Plaintiff has failed to pay the initial partial filing fee as directed. Instead, the referenced *Order* and *Notice*, both of which were forwarded to the Plaintiff at his record address, have been returned to the

---

[1] Rec. Doc. 3.
[2] Rec. Doc. 4.

Court as undeliverable, marked "Return To Sender," apparently because the Plaintiff is no longer confined at the Ascension Parish facility.[3] It, thus, appears that the Plaintiff may have lost interest in pursuing this matter since his release or transfer from the referenced facility.

Pursuant to Local Rule 41(b)(4) of this Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. As a practical matter, this case cannot proceed without the payment of the initial partial filing fee and without an address where the Plaintiff may be reached and where he may receive pleadings, notices, or rulings. Accordingly, the Court concludes that the above-captioned proceeding should be dismissed, without prejudice, for failure of the Plaintiff to comply with the Court's *Order* and for failure to prosecute this proceeding by failing to keep the Court apprised of a current address.

**IT IS   HEREBY ORDERED** that the above-captioned proceeding be DISMISSED, without prejudice, for failure of the Plaintiff to comply with the Court's *Order* and for failure to prosecute this proceeding by failing to keep the Court apprised of a current address. *Judgment* shall be entered accordingly.

Baton Rouge, Louisiana the 17 day of March, 2016.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[3] *See* Rec. Docs. 5-7.